**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **KENNETH J. CRADIC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No.: 3:17-cv-00522** |
| | ) | **REEVES/GUYTON** |
| **RANDY LEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION</u>

Acting pro se, Kenneth Cradic ("Petitioner"), brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 Tennessee state court conviction for rape of a child and incest [Doc. 2]. Respondent has filed a Motion to Dismiss the Petition as barred by the one-year statute of limitations [Doc. 10]. For the reasons set forth herein, the Court will **GRANT** Respondent's Motion [Doc. 10] and **DISMISS** this action as time-barred.

## I.     PROCEDURAL BACKGROUND

Following his 2005 jury trial, Petitioner was convicted on three counts of rape and three counts of incest, and was sentenced to a total effective sentence forty years' imprisonment [Doc. 9-22 at 7-12]. He thereafter timely filed motion for new trial, which was denied in 2006 [Doc. 9-10]. He subsequently filed a timely direct appeal; the Tennessee Court of Criminal Appeals affirmed the judgment on July 31, 2008, and the Supreme Court of Tennessee denied him permission to appeal on January 20, 2009 [Docs. 9-13 through 9-15]. Petitioner did not seek a writ of certiorari from the U.S. Supreme Court [*See* Doc. 2 at 2].

On September 22, 2009, Petitioner submitted to prison authorities a petition for post-conviction relief in state court; the petition was filed in state court on September 25, 2009 and was subsequently dismissed without a hearing on October 6, 2009 [*Id*. at 3]. On June 30, 2010, the

Tennessee Court of Criminal Appeals reversed the summary dismissal of the petition and remanded for an evidentiary hearing [Doc. 9-20, 9-21]. However, on remand and with the assistance of attorney Brandon Sizemore, Petitioner voluntarily dismissed his petition [Doc. 9-22 at 27-28].

Several years later, on May 8, 2015, Petitioner again sought post-conviction relief in state court – this time, by filing a pro se petition for writ of error coram nobis [Doc. 9-22 at 13-19]. Petitioner's motion for appointment of counsel was granted, and attorney Daniel Barnette amended the petition in October 2015 [*Id.* at 23-28, 33-39]. A hearing was conducted, but the petition was nonetheless dismissed on May 4, 2016 [*Id.* at 57-58; Doc. 9-23]. The Tennessee Court of Criminal Appeals affirmed the denial of the petition on May 26, 2017, and the Tennessee Supreme Court denied discretionary review on October 3, 2017 [Docs. 9-27 through 9-30].

It was not until late 2017 that Petitioner then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with a single ground for relief: newly discovered evidence of his innocence [Doc. 2; Doc. 2-2].[1] Specifically, he asserts that he learned of new witnesses in 2014 that could provide evidence that the victim did not provide truthful testimony and/or had since recanted her testimony [*Id.*]. Petitioner did not address the timeliness of his petition in his filing [Doc. 2 at 10].

## II.     ANALYSIS

### A.     Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-

_____

[1] Respondent correctly notes that Petitioner neither certified his pro se petition to prison authorities for mailing nor provided a date of execution [Doc. 11 at 4 n.2; *see* Doc. 2]. The envelope containing the Petition was stamped as received in the NECX mailroom on November 29, 2017, and the Court received the Petition on December 4, 2017 [Doc. 2-2]. Although Respondent argues that Petitioner is not entitled to the benefits of the prison mailbox rule, it is clear that even if the Court gave Petitioner the benefit of deeming his petitioner filed on November 29, 2017, the petition would nonetheless be filed well after the expiration of the statute of limitations.

year statute of limitations applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The statute generally begins to run "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (for the purposes of computing the statute of limitations under § 2244(d)(1)(A) in a case where petitioner sought direct appeal in state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court).

In this case, Petitioner's conviction was deemed final on April 20, 2009, upon the expiration of the ninety-day period to petition for a writ of certiorari from the U.S. Supreme Court. His one-year statute of limitation commenced the next day and until September 22, 2009, when Petitioner timely submitted his petition for post-conviction relief in state court. Thus, 154 days of Petitioner's one-year statute of limitations had run by the time he commenced his first post-conviction proceeding in state court. His limitations period was then tolled pursuant to 28 U.S.C. § 2244(d)(2) from September 22, 2009 through October 10, 2011, while his petition for post-conviction relief was pending before the state court. Then his limitations period began to run again on October 11, 2011.

At this time, Petitioner had 211 days of his one-year limitations period remaining. Thus, absent any additional statutory tolling, Petitioner's one-year statute of limitations for filing the instant petition expired on May 9, 2012. However, it is undisputed that Petitioner did not seek further post-conviction relief in state court until 2015 and did not file the instant petition until 2017. Thus, there is no dispute that Petitioner's instant § 2254 Petition, filed November 29, 2017, was filed long after the expiration of the one-year statute of limitations applicable to such a petition.

### B.     Equitable Tolling

Nonetheless, the AEDPA statute of limitations is not jurisdictional and is thus subject to

equitable tolling of the limitations period. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012). The Court will first address Petitioner's claim of actual innocence and will then turn to any other arguments or grounds that might warrant the application of equitable tolling in this matter.

### 1. Actual Innocence

One way that a petitioner can demonstrate that he is entitled to equitable tolling of the AEDPA statute of limitations is by presenting "a credible claim of actual innocence." *Cleveland v. Bradshaw*, 693 F.3d 626, 632-33 (6th Cir. 2012) (citing *Souter v. Jones,* 395 F.3d 577, 601 (2005)). To establish "actual innocence,"

> a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 [] (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup* [*v. Delo*, 513 U.S. 298, 324 (1995)]. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321[.]

*Souter*, 395 F.3d at 590. Thus, the threshold inquiry in assessing a credible claim of actual innocence is "whether new facts raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial." *Id*. (citing *Schlup*, 513 U.S. at 316).

Petitioner maintains that he is actually innocent of the crimes of conviction and that he has newly discovered evidence to support his claim of actual innocence – that is, affidavits from several individuals who did not testify at his trial. The first affidavit, from Petitioner's stepmother, Pat Cradic, states the victim, Brittany Cradic told her that Petitioner did not rape her; rather, she was raped and molested by Larry Ritchie, who threatened her and her family if she did not testify that Petitioner had

4

been the one to rape her [Doc. 2-1 at 9-10]. Petitioner also provided a similar affidavit from his son, Charles Cradic, averring that he "walked in" on Ritchie perpetrating the rape, and that Ritchie threatened him, his sister, and his grandmother with harm if they did not blame Petitioner for the offense [Doc. 2-1 at 13]. Charles Cradic stated that he was "prevented" from telling the truth about the matter because he was a minor at the time and that his sister told him "years after the trial" that Petitioner did not rape her and that she wanted to write a letter to that effect but was concerned about being prosecuted for perjury [*Id.*]. Finally, Petitioner submitted the affidavit of Amber Keys, who averred that Brittany told her on several occasions that she was not raped by Petitioner, but rather, by Ritchie [Doc. 2-1 at 14].

However, upon review of the record, the Court concludes that these affidavits fail to set forth a credible claim of actual innocence. Petitioner claims that these affidavits from Pat Cradic, Charles Cradic, and Amber Keys constitute "new" evidence of actual innocence because these witnesses did not testify at trial. However, the Court notes that the victim, Brittany Cradic, was cross-examined at trial about prior statements that she made indicating that Ritchie had been the perpetrator and that she implicated Petitioner because she was afraid of Ritchie [*See* Doc. 9-5]. Other witnesses also testified at trial that the victim had stated Ritchie was the perpetrator, and Petitioner himself testified that he did not rape the victim [Docs. 9-5 through 9-7]. The Court thus concludes that, while testimony from these three individuals would be "new," the theory of innocence that Petitioner attempts to present through their affidavits is not. Instead, the three affidavits reflect a theory of innocence that was thoroughly explored at Petitioner's trial: that Petitioner was not the true perpetrator, that the victim made inconsistent statements about the identity of her rapist, and that the victim identified Petitioner as her attacker due to fear of Ritchie. Accordingly, the Court concludes that petitioner has failed to show that he has new reliable evidence that was not presented at trial or that "it is more likely than

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" if the testimony of these three additional witnesses had been presented. *See Souter*, 395 F.3d at 590. Because he has not stated a credible claim of actual innocence, he has not met his burden of establishing that he is entitled to equitable tolling based on actual innocence.

### 2. *Other Grounds for Equitable Tolling*

A petitioner may also establish that he is entitled to equitable tolling by showing that he (1) has been pursuing his rights diligently, and (2) some "extraordinary circumstance" stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649; *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (noting that a petitioner bears the burden of demonstrating his entitlement to equitable tolling); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (noting that "equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control") (citations and internal quotation marks). At the outset, the Court notes that the content of Petitioner's reply brief indicates that he has confused or conflated the concept of statute of limitations – which governs the timely filing of an action in federal court based on a time period defined by statute – with the doctrine of procedural default – in which specific claims must be fully presented for consideration in state court before being raised in a federal habeas proceeding. Thus, although Petitioner's brief focuses on the issue of procedural default, the Court is mindful of his pro se status, and will liberally construe the arguments therein to determine if he can meet his burden to demonstrate diligence and extraordinary circumstance warranting equitable tolling of his limitations period.

First, Petitioner cites *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 565 U.S. 266 (2012) for the proposition that the AEDPA's one-year statute of limitations may be tolled if a deadline is missed as a result of attorney misconduct that it not attributable to the petitioner and

argues "that he has experienced the identical 'extraordinary circumstances beyond his control'" as the petitioners in the *Holland* and *Maples* cases [Doc. 14 at 6-7].[2]  However, Petitioner has failed to provide any specific arguments or facts suggesting the kind of attorney abandonment deemed "extraordinary" in the line of cases upon which he relies.  Instead, Petitioner simply notes in a footnote that "[c]ounsel should have known to stay abreast of the new laws and laws as it relates to Rape and also question Petitioner's mental state" and that David Barnette's representation of him in his second state court post-conviction proceeding was "unprofessional and non-existent" [Doc. 14 at 8 n.2, 14-15].  Petitioner's allegations are vague and the few specific issues he mentions cannot be deemed "abandonment" under current precedent.  Moreover, the Court notes that Barnette was not appointed to represent Petitioner until May 18, 2015 – over three years after the expiration of his statute of limitations under AEDPA.  Thus, even if Barnette's conduct did rise to the level of ineffective assistance or abandonment, his representation of Petitioner from 2015 through 2017 could not constitute an extraordinary circumstance justifying Petitioner's failure to file his § 2254 petition before the expiration of his statute of limitations in 2012.

He also argues that, under *Trevino v. Thaler*, 569 U.S. 413 (2013), "his conviction has not technically become final" [*Id*. at 7].  However, *Trevino* did not involve a petition that was filed well after the statute of limitations, nor did it include any discussion of the date a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A).  Instead, that case extended the scope of the *Martinez* exception – a limited exception to the rules of exhaustion that allows habeas petitioners to use ineffective

---

[2] The Court notes that the *Maples* case did not involve a § 2254 petition filed outside of the one-year statute of limitations.  Rather, it relied upon the holding of *Holland* – that total abandonment by counsel can constitute an extraordinary circumstance warranting equitable tolling of the limitations period – to conclude that attorney abandonment during post-conviction proceedings in state court can similarly constitute cause to overcome procedural default.

assistance of post-conviction counsel as cause for procedural default of a claim of ineffective assistance of trial counsel. *Trevino*, 133 S.Ct. 1911; *see also e.g.*, *Atkins v. Holloway*, 792 F.3d 654 (6th Cir. 2015); *Williams v. Mitchell*, 792 F.3d 606 (6th Cir. 2015); *Martinez v. Ryan*, 566 U.S. 1 (2012). Simply put, "the *Martinez* exception does not work to excuse a petition that is time-barred." *Taylor v. Cook*, 2015 WL 1534519, at *3 (E.D. Tenn. Apr. 6, 2015).

The remainder of Petitioner's arguments focus on the substance of various factual and legal deficiencies and/or errors in his state court proceedings and the issue of whether he can overcome any procedural default of his substantive claims, and as such, they are irrelevant to the Court's consideration of equitable tolling [*See generally* Doc. 14]. While Petitioner cites to cases defining and discussing diligence, he offers no argument or evidence demonstrating his own diligence in pursuing his rights. Other than the meritless arguments regarding his representation by Barnette above, he fails to provide any circumstances – extraordinary or not – that prevented his timely filing of this petition.

The Court thus finds that Petitioner has failed to meet his burden of demonstrating that he is entitled to equitable tolling of the limitations period. Without the application of equitable tolling, Petitioner's § 2254 petition is barred by the AEDPA's one-year statute of limitations; accordingly, the Court must **GRANT** Respondent's Motion to Dismiss [Doc. 10], and **DISMISS** this § 2254 action.

## III.   CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should

only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition as time-barred. Accordingly, the Court will **DENY** issuance of a COA, and **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), 24(a)(1), 24(a)(4).

## IV.     CONCLUSION

Because the Court has determined the instant §2254 Petition is time-barred under § 2244(d) and that equitable tolling of the statute of limitations is unwarranted:

- Respondent's Motion to Dismiss [Doc. 10] is **GRANTED**;

-  This action is hereby **DISMISSED**;

- The Court **DENIES** issue of a certificate of appealability;

- The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**